IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TINA LIDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-CV-1266-MAB |
| | ) |
| STEVENS INDUSTRIES, JOAN THIES, JAMES BUHNERKEMPE, and SANDRA BUSHBY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Tina Lidy filed a *pro se* civil rights complaint on November 18, 2019 against Stevens Industries, Joan Thies, James Buhnerkempe and Sandra Bushby for employment discrimination (Doc. 1). This matter is currently before the Court on Defendants' motion to dismiss (Doc. 17). Ms. Lidy filed an 11-page response in opposition to the motion to dismiss, with over 500 pages of exhibits (Doc. 23). Three days later, she filed a supplement to her response with seven pages of additional exhibits (Doc. 24). A month later, she filed a second 27-page supplement to her response, in which she finally addressed the substance of Defendants' arguments in their motion to dismiss (Doc. 27). Defendants then filed a reply brief (Doc. 28).

## THE COMPLAINT[1]

Plaintiff Tina Lidy alleges that during the course of her employment at Stevens Industries in Teutopolis, Illinois, she was harassed by a co-worker. She reported the harassment to Joan Thies, the Human Resources Manager. Ms. Lidy states that because Ms. Thies did not "take much action," she filed a harassment charge with the EEOC in March 2016. A mediation on the harassment charge was held a year later. As part of the mediation agreement, the company agreed to move Ms. Lidy to a position in Purchasing/Clerical Support. After beginning her new position, Ms. Lidy emailed James Buhnerkempe, who was the Chief Financial Officer and Treasurer of the company at the time, to complain that she was not getting enough training. She also emailed her new supervisor, Carol Levitt, about the lack of training and to report that one of her trainers was treating her rudely and condescendingly. She later emailed Buhnerkempe and Thies to say she was never told during the mediation that the new position required heavy lifting, and she had neck and back problems from a car accident.

On May 3, 2017, Ms. Lidy was called into Thies's office and told she was being discharged. Thies reportedly stated, "you are not happy here and it is not working for us either." Thies told Ms. Lidy she could sign up for unemployment.

Ms. Lidy applied for unemployment but "got papers back" that said her employment was ended due to misconduct or insubordination. The Court presumes this

---

[1] The Court considers not just the allegations in the complaint but also the allegations in Ms. Lidy's response to the motion to dismiss and her supplements that are consistent with the complaint. *Peters v. Sloan*, 762 F. App'x 344, 345 (7th Cir. 2019) (citing *Smith v. Dart*, 803 F.3d 304, 309, 311 (7th Cir. 2015)).

to mean that Ms. Lidy's application for unemployment benefits was denied. She apparently appealed the denial and a hearing was held, during which Ms. Lidy claims Thies lied under oath twice during the hearing "to try to get [her] unemployment denied." Ms. Lidy was successful on appeal and she was awarded unemployment benefits (see Doc. 23, p. 2).

Ms. Lidy filed another charge with the EEOC in September 2017. It states that after she filed the first charge in March 2016, she was "subjected to different terms and conditions of employment, including but not limited to, being denied training." It further states that she complained to no avail and was discharged on May 3, 2017.

### LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) addresses the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pleaded facts, and draw all possible inferences in the plaintiff's favor. *E.g., Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation omitted). To survive a motion to dismiss, the plaintiff must do more than simply recite the elements of a claim in a conclusory fashion. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he 'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Reynolds*, 623 F.3d at 1146 (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Roberts v. City of Chicago*, 817 F.3d 561, 564–65 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). The complaint need not, however, contain "detailed factual allegations." *Reynolds*, 623 F.3d at 1146 (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Ms. Lidy clarified in her briefing that she is not suing based on the harassment she endured from her co-worker (Doc. 27, p. 11). She is only suing for the retaliation she suffered after she filed the first EEOC charge regarding the harassment (*Id.*). While the complaint is not entirely clear, it appears that Ms. Lidy is suing under Title VII for employment discrimination and/or retaliation.

### A. Timeliness

Defendants argue that all of Ms. Lidy's claims are time-barred because she did not file suit within 90 days of receiving her right to sue letter from the EEOC (Doc. 17, p. 4). 42 U.S.C. § 2000e–5(f)(1). Ms. Lidy attached the Right to Sue letter that she received from the EEOC to the complaint (Doc. 1, p. 13). The letter was issued on August 13, 2019 (*Id.*). According to Defendants, the 90-day deadline was Monday, November 11, 2019 (Doc. 17, p. 4). Ms. Lidy did not mail the complaint until November 15, 2019 at 10:21 a.m. (Doc. 1, p. 35), and it was received by the Court and filed on Monday, November 18, 2019 (*see* Doc. 1). Thus, according to Defendants, the complaint is untimely.

However, contrary to Defendants' assertion, the 90-day limitations period did not begin to run on the date the letter was sent by the EEOC. Rather, it is well-established

that the 90-day limitations period begins to run when the claimant *received* the letter from the EEOC. *DeTata v. Rollprint Packaging Prod. Inc.*, 632 F.3d 962, 968 (7th Cir. 2011) (listing cases); *Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009); *Bobbitt v. Freeman Companies*, 268 F.3d 535, 538 (7th Cir. 2001). Plaintiff indicates in the complaint that she received the right to sue letter on August 19, 2019 (Doc. 1, p. 8; Doc. 27, p. 10). If true, then her complaint was timely.[2] Defendants, who have the burden of proving the suit was untimely, *Prince*, 580 F.3d at 574, have not put forth any argument or evidence to dispute or contradict Ms. Lidy's allegation. Therefore, Defendants' argument that the suit is untimely must be denied.

### B. Defendants Joan Thies, James Buhnerkempe and Sandra Bushby

"Title VII authorizes suits against the employer as an entity, not against individual agents of the employer." *Boss v. Castro*, 816 F.3d 910, 914 n.1 (7th Cir. 2016) (citing *Smith v. Bray*, 681 F.3d 888, 896 n.2 (7th Cir. 2012), *overruled on other grounds by Ortiz v. Werner Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016)). Accord *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 930 (7th Cir. 2017) ("[T]here is no individual liability under Title VII.") Consequently, Plaintiff's claims against Defendants Thies, Buhnerkempe, and Bushby in their individual capacities must be dismissed.

### C. Defendant Stevens Industries

Defendant Stevens Industries argues that it should be dismissed because "Plaintiff

---

[2] If she received the letter on August 19, 2019, then the 90th day was November 17, 2019, which was a Sunday. Thus, under Federal Rule of Civil Procedure 6(a), the 90–day deadline for filing the Complaint was the end of the day on Monday, November 18, 2019, which was the date Plaintiff's complaint was received and filed by the Court.

makes no claim of discrimination in her complaint. Plaintiff only claims that she was terminated by Defendant Stevens Industries with no mention of any discrimination by Defendant Stevens Industries." (Doc. 17, p. 7). The Court disagrees that Ms. Lidy failed to state a claim against Stevens Industries.

Title VII "protects persons not just from certain forms of job discrimination and harassment, but from retaliation for complaining about the types of discrimination it prohibits." *Miller v. American Family Mut. Ins. Co.*, 203 F.3d 997, 1007 (7th Cir. 2000) (citing 42 U.S.C. § 2000e–3(a)).

Ms. Lidy alleged that after she filed an EEOC charge for harassment by a co-worker, she reached an agreement with Stevens Industries in mediation. As part of that agreement, she was moved into a different job in Purchasing/Clerical Support. But the company would not properly train her to do her new job. The company did not respond to her complaints about the lack of training and would not let her move back to her old job in Security. And then the company fired her and tried to deny her unemployment benefits. The Court finds these allegations are sufficient at this stage to state a claim for retaliation under Title VII.

## Conclusion

The motion to dismiss (Doc. 17) is **GRANTED in part and DENIED in part.** It is granted as to Defendants Thies, Buhnerkempe, and Bushby. These Defendants are dismissed with prejudice from this lawsuit, which the Court understands to only include claims under Title VII. The motion to dismiss is denied as to Stevens Industries. This case will proceed against Stevens Industries on a claim for retaliation under Title VII.

IT IS SO ORDERED.

DATED: February 26, 2021

                                                      <u>s/ Mark A. Beatty</u>
                                                     **MARK A. BEATTY**
                                                     **United States Magistrate Judge**